IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERSKINE E. WASHINGTON, #109856, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-322-WKW |
| | ) | [WO] |
| | ) | |
| KATHY HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Erskine E. Washington ["Washington"], a state inmate, challenges the calculation of his release date. Specifically, Washington complains that the defendant has taken "a 2 year balance from an [expired] circuit court case (C.C. 74-030844) and . . . add[ed] the 2 years to my present [twenty-five] year sentence" imposed in 1982 for second degree theft of property. *Plaintiff's Complaint* at 4-5. Washington argues that this error has resulted in an erroneous release date. He requests that this court "[r]emove the additional time from [his] sentence and make [his end of sentence] date 7-26-07 instead of 12-9-09." *Id*. at 7-8.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

It is clear to this court that success on Washington's challenge to the calculation of his release date would necessarily impact the duration of his incarceration. Consequently, the claims presented by the plaintiff are not cognizable in a section 1983 action at this time. *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the

2

challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

In the present complaint, Washington maintains that his release date has been improperly calculated because the defendant added two years of a "dead" sentence to the twenty-five year sentence on which he is now incarcerated. *Plaintiff's Complaint* at 5. This claim, if established, would affect the duration of Washington's confinement. The pleadings before the court indicate that the calculation of Washington's release date has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on such action is prohibited by *Heck* and *Balisok*, and Washington's claims are therefore due to be dismissed as he has no present cause of action under 42 U.S.C. § 1983.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before April 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

---

[2] 2. The plaintiff is advised that if he seeks to challenge the duration of his confinement based on the claim set forth in the instant complaint he should do so by filing a petition for habeas corpus relief under 28 U.S.C. § 2241. Such a petition must be filed in the district court in which the inmate is incarcerated. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

3

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent in the Eleventh Circuit all of the decisions of the former Fifth Circuit Court of Appeals which were handed down prior to the close of business on September 30, 1981).

Done this 14th day of April, 2006.

                                                      /s/Charles S. Coody
                                                      CHARLES S. COODY
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE